IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARGARITA RIVERA-LOPEZ, a/k/a Margaret Cabrera or Margarita Cabrera<br><br>Plaintiff<br><br>vs<br><br>MUNICIPALITY OF BARCELONETA; SOL LUIS FONTANEZ, in his official capacity as Mayor of the Municipality of Barceloneta and in his personal capacity; JOHN DOE and WILLIAM DOE, in their official capacities as officers and employees of the Municipality of Barceloneta and in their personal capacity; ABC INSURANCE COMPANY<br><br>Defendants | CIVIL 11-2121CCC |

**OPINION AND ORDER**

Plaintiff, Margarita Rivera-López (Rivera), brought this action under 42 U.S.C. § 1983 and Article 1802 of the Civil Code of Puerto Rico against defendants Municipality of Barceloneta (Municipality) and its former Mayor, Sol Luis Fontánez (Fontánez), seeking redress for their alleged illegal demolition of a house and the restriction of access to the lot where it used to stand, both of which plaintiff owned. Before the Court now is the Motion to Dismiss filed by Municipality on February 23, 2012 (**docket entry 9**), which remains unopposed.[1]

The essential, and undisputed, facts follow. Sector La Boca, in Barceloneta, Puerto Rico, is a coastal zone overlooking the sea. Rivera owns a lot of land there since April 30,

---

[1] Plaintiff initially moved on March 6, 2012 for an extension of thirty (30) days in which to file her response (docket entry 12), which the Court granted (docket entry 15). On April 9, 2012, after the extension requested had expired, she again asked for an extra thirty (30)-day extension (docket entry 21), which she followed on May 9, 2012 with yet another request for an extension albeit for a term of fifteen (15) days (docket entry 24). The Court denied this last request on May 21, 2012 (docket entry 26), after noting that plaintiff "has had sufficient opportunity to oppose docket entry 9 filed almost 90 days ago." Id. The Motion to Dismiss was then taken under advisement, without the benefit of plaintiff's opposition.

CIVIL 11-2121CCC                                        2

1988, identified as Parcel No. 61, where a one-story, two bedroom, concrete house had been built. Fontánez and the Municipality had plans to develop the area. Their project, known as "Paseo Palmar de Barceloneta," contemplated the construction of a resort hotel, kiosks, and other structures. It required, however, the eviction of the residents and the demolition of the houses and structures located along that coastal area.

On July 19, 2010, agents and officials of the Municipality, personally captained by Fontánez, trespassed on plaintiff's lot and demolished the house located within its premises. Plaintiff's house was one of several properties located along Road 864 in Sector La Boca which were demolished that day. After the demolition, the Municipality raised in the front part of plaintiff's lot a cyclone fence, and also erected across its left side a concrete wall. These barriers in effect prevented Rivera from accessing her property. Rivera avers that defendants' actions were conducted without her consent, without previously providing any warning, notification or compensation, and without being authorized by any administrative or judicial entity.

On August 27, 2010, plaintiff filed a complaint against defendants in the Superior Court of Arecibo, No. CPE2010-0258, which that Court dismissed without prejudice on November 17, 2010. Exactly one year later, on November 17, 2011, plaintiff filed this suit.

The Municipality has moved for dismissal grounded on three arguments: that the complaint is time-barred, that plaintiff has no right to a remedy under any federal statute, and that the amount in controversy does not reach the jurisdictional threshold of $75,000. We discuss only their first contention, as we find it to be dispositive.

As noted above, Rivera's action was brought under 42 U.S.C. § 1983 and Article 1802 of the Civil Code of Puerto Rico. As to both causes of action, a one-year statute of limitations applies. See Fernández v. Chardón, 681 F.2d 42, 48 (1st Cir. 1982) (limitations period applicable to a § 1983 claim in Puerto Rico is one year); 31 L.P.R.A. § 5298(2). That one-year period, according to § 5298(2), started to run when Rivera knew

CIVIL 11-2121CCC                                    3

that she had suffered a harm and who was responsible for it; i.e., July 19, 2010, the date defendants demolished her house and fenced her lot.

Ordinarily, the one-year prescriptive period would have expired on July 19, 2011, and this complaint was filed on November 17, 2011, beyond that deadline. At first glance, it would appear barred. However, Puerto Rico's Civil Code, in its Article 1873, provides for the interruption or tolling of the statute of limitations by three specific mechanisms: (1) by an institution of an action before the courts, (2) by an extrajudicial claim, and (3) by any act of acknowledgment of the debt by the debtor. See 31 L.P.R.A. § 5303. In her complaint, Rivera indicates that she filed an action against defendants in the local courts on August 27, 2010, within the prescription period, with which it claims "the statute of limitations was tolled." Complaint (docket entry 1), p. 8, ¶ 23. It goes on to aver that the statute of limitations started to run anew on November 17, 2010, when that action was dismissed, making this new complaint filed exactly one year later timely.

The Municipality disagrees. Although it does not quarrel with the established principle that the statute of limitations may be interrupted by the filing of a judicial action, it posits that such interruption is valid only when the action that originally tolled the statute of limitations and the subsequent action that seeks to benefit from that tolling meet an "identicality" requirement. It claims that such is not the case here, and requests that plaintiff's federal complaint be dismissed as time-barred.

Indeed, "instituting an action before the courts pursuant to § 5303 only tolls the statute of limitations with respect to 'identical' subsequent actions." Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 409 (1st Cir. 2009). Thus, Rivera's "Puerto Rico complaint must assert causes of action 'identical' to her federal claims in order to toll the statute of limitations as to those federal claims under § 5303." Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 97 (1st Cir. 2004). What exactly constitutes "identical" actions was explained by the Court of Appeals in Rodríguez-García:

CIVIL 11-2121CCC                                    4

> We hold that in order to be identical under § 5303, claims must satisfy several requirements.  They must seek the same form of relief.  Ramírez de Arellano [v. Alvarez de Choudens], 575 F.2d [315,] at 320 [1st Cir. 1978]; cf. Rodríguez Narváez [v. Nazario], 895 F.2d [38,] at 46 [1st Cir. 1990] (extrajudicial claims, which also trigger tolling under § 5303, did not toll the statute of limitations when such claims sought different relief than the federal complaint did); Fernandez [v. Chardón], 681 F.2d [42,] at 53 [1st Cir. 1982] (same); Hernández del Valle v. Santa Aponte, 575 F.2d 321, 324 (1st Cir. 1978) (same).  The causes of action asserted must be based on the same substantive claims. And, provided that other Puerto Rico tolling statutes do not rescue the claims on other grounds, they must be asserted against the same defendants in the same capacities; new defendants should not be added.

Id., at p. 98.

With these tenets in mind, we now compare plaintiff's original Puerto Rico complaint[2] with her current federal complaint.  At the outset, we acknowledge that both are factually based on the events that took place on July 19, 2010, when plaintiff's house in Barceloneta was demolished and her lot fenced.  Plaintiff's Puerto Rico complaint was filed solely against the Municipality, however, and there she sought only injunctive relief based on her property right under Article II, section 7 of Puerto Rico's Constitution, Articles 281 and 282 of the Puerto Rico Civil Code, and relevant sections of the Commonwealth's Administration of Regulations and Permits.  Her federal complaint, on the other hand, asks for declaratory judgment and damages, but no injunctive relief.  It is grounded on the alleged infringement of her property and due process rights under the United States Constitution and on

---

[2]The Municipality included the original, Spanish language version, of the Puerto Rico complaint as an exhibit to its dismissal motion, and subsequently filed its certified translation (docket entry 14). While, ordinarily, documents not included in the original pleading cannot be considered on a Fed. R. Civ. P. 12(b)(6) motion without converting it into one for summary judgment, here plaintiff made specific reference to the Puerto Rico complaint in her allegations. See Complaint, at ¶ 23. "[C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (emphasis ours). Thus, we may look at the Puerto Rico complaint without converting movant's motion to one for summary judgment. See also Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) ("A court may consider matters of public record in resolving a Rule 12(b)(6) motion to dismiss. Matters of public record ordinarily include 'documents from prior state court adjudications.'" (Citation omitted) (quoting Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).

defendants' averred negligent acts and omissions in violation of Article 1802 of the Puerto Rico Civil Code.

It is evident from a review of both complaints that they do not seek the same form of relief and that the causes of action asserted in each are not based on the same substantive claims. Clearly, then, the identicality requirement was not met. Consequently, the Puerto Rico complaint filed on August 27, 2010 does not have any tolling effect on the statute of limitations with respect to the current federal action. Given the lack of any tolling effect on said statute of limitations, the same expired on July 19, 2011. Therefore, the federal action which was filed on November 17, 2011 is time-barred.

For the reasons stated, the Municipality's Motion to Dismiss (**docket entry 9**) is GRANTED. Given that the present complaint is time-barred not only as to movant but also as to co-defendant Sol Luis Fontánez,[3] judgment shall be entered DISMISSING this action in its entirety.

SO ORDERED.

At San Juan, Puerto Rico, on August 20, 2012.

                                         S/CARMEN CONSUELO CEREZO
                                         United States District Judge

---

[3] The Court notes that Fontánez's Answer to Complaint filed on May 29, 2012 (docket entry 30) raised as an affirmative defense that "[t]he claims are time-barred." Id., at p. 14.